## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Jamie Thompson, | : |
| | : |
| Plaintiff, | :    Civil Action No.: <u>CIV-15-14-L</u> |
| v. | : |
| | : |
| Jon Barry & Associates, Inc. d/b/a Paragon | : |
| Revenue Group; and DOES 1-10, inclusive, | :    **COMPLAINT AND** |
| | :    **DEMAND FOR JURY TRIAL** |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiff, Jamie Thompson, by undersigned counsel, states as follows:

### JURISDICTION

1.　　This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.　　Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.　　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4.　　The Plaintiff, Jamie Thompson ("Plaintiff"), is an adult individual residing in Norman, Oklahoma, and is a "person" as defined by 47 U.S.C. § 153(39).

5.　　Defendant Jon Barry & Associates, Inc. d/b/a Paragon Revenue Group ("Paragon"), is a North Carolina business entity with an address of 216 Le Phillip Court,

Concord, North Carolina 28025, operating as a collection agency, is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. § 153(39).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Paragon and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Paragon at all times acted by and through one or more of the Collectors.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

**A.  The Debt**

8.     An individual incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Paragon for collection, or Paragon was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  Paragon Engages in Harassment and Abusive Tactics**

12.     In or around September 2014, Paragon began calling Plaintiff's cellular telephone, number 405-XXX-5417.

13.     Paragon called Plaintiff from telephone number 800-560-6169.

14.     Paragon called Plaintiff using an automated telephone dialing system ("ATDS") and an artificial or prerecorded voice.

15. When Plaintiff answered calls from Paragon she heard a prerecorded message which stated, "We are calling for Cassandra Overbon (the "Debtor"). If this is Cassandra Overbon, press 1."

16. Plaintiff never provided her cellular telephone number to Paragon and never provided her consent to be called by Paragon.

17. In or around September 2014, Plaintiff told Paragon that she was not the Debtor and Debtor could not be reached at Plaintiff's number.

18. Nevertheless, Paragon continued to call Plaintiff in an attempt to reach the Debtor.

**C.  Plaintiff Suffered Actual Damages**

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA**
**15 U.S.C. § 1692, *et seq*.**

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

3

23.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

24.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

25.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE TCPA –
## 47 U.S.C. § 227, *et seq.*

27.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     At all times mentioned herein and within the last year, Defendants called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS") and a prerecorded or artificial voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

29.     Plaintiff never provided her cellular telephone number to Defendants and never provided her consent to be called by Defendants.

30.     Despite being directing to cease all calls, Defendants continued to place automatic telephone calls to Plaintiff's cellular telephone. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

31.     The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

32.     The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

33.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

34.     Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each call made in knowing and/or willful violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations; and intentional and/or reckless invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

Dated: January 6, 2015

Respectfully submitted,

By   /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-Mail: slemberg@lemberglaw.com
Attorneys for Plaintiff